OFFICE OF THE FEDERAL PUBLIC DEFENDER
NORTHERN DISTRICT OF NEW YORK

Albany Office
39 N. PEARL ST.
5TH FLOOR
ALBANY, NY 12207
(518) 436-1850
(518) 436-1780 FAX

Syracuse Office
4 CLINTON SQUARE
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

September 10, 2019

The Honorable Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**RE: United States of America v. Derek Cook, No. 16-4107**

Dear Ms. Wolfe:

Pursuant to an order of this Court issued on January 26, 2017, I am writing to address the impact this Court's decisions in *United States v. Hill*, 2d Cir. 14-3872, and *United States v. Barrett*, 2d Cir. 14-2641, have on Derek Cook's pending motion.

By way of background, Mr. Cook was convicted following a guilty plea on April 8, 2011 of Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951, and use of a firearm in furtherance of a crime of violence, namely Hobbs Act robbery conspiracy, that caused death, in violation of 18 U.S.C. § 924(c) & (j). He was sentenced to concurrent terms of 151 months' imprisonment on March 5, 2012. Mr. Cook filed a pro se motion to vacate under 28 U.S.C. § 2255 on October 20, 2014. On May 24, 2015, represented by counsel, Mr. Cook filed a supplemental memorandum to challenge his § 924(c) conviction in light of the Supreme Court's then recent decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015).

The district court denied his motion in full on October 11, 2016. As relevant here, the court held that Mr. Cook's motion was precluded by a provision in his plea agreement waiving his right to appeal and collaterally challenge his conviction. Moreover, the district court held that his motion was foreclosed by this Court's initial decision in *United States v. Hill*, 832 F.3d 135 (2016), which held that (1) *Johnson* does

1

not apply to the residual clause of § 924(c)(3)(B), and (2) Hobbs Act robbery qualifies as a crime of violence under both the "force" clause of § 924(c)(3)(A) and the residual clause of § 924(c)(3)(B). The district court also denied a certificate of appealability. Mr. Cook timely filed a motion for certificate of appealability on December 14, 2016.

On January 26, 2017, a panel of this Court issued an order staying Mr. Cook's motion for a certificate of appealabiltiy until final decisions were issued in *Hill* and *Barrett*. The panel further ordered Mr. Cook to file a letter brief within thirty days of the final decision in those cases, whichever was filed later.

This Court issued a final decision in *Hill* on May 9, 2018. *See United States v. Hill*, 890 F.3d 51 (2d Cir. 2018). In that decision, this Court ultimately held that substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951, satisfies the "force" or "elements" clause of § 924(c)(3)(A). *Id.* at 56-58. The *Hill* decision took no position on whether the residual clause of § 924(c)(3)(B) was constitutional following *Johnson* and the Supreme Court's then recent decision in *Sessions v. Dimaya*, __U.S.__, 138 S.Ct. 1204, 1241 (2018). *See id.* at 53 n.2. Therefore, *Hill* has not bearing on this case.

This Court issued a final decision in *Barrett* on August 28, 2019. *See United States v. Barrett*, __ F.3d __, 2019 WL 4121728 (2d Cir. Aug. 30, 2019). In light of the Supreme Court's decision in *United States v. Davis*, __U.S.__, 139 S.Ct. 2319 (2019), the *Barrett* Court accepted that the residual clause of § 924(c)(3)(B) is unconstitutional in all its applications. Moreover, the *Barrett* Court held that Hobbs Act robbery conspiracy is not a crime of violence under any provision of § 924(c), including the "force" clause of § 924(c)(3)(A).

Following *Barrett* (and *Davis*), Mr. Cook is innocent of the charged § 924(c) offense and his conviction can no longer stand. The residual clause of § 924(c)(3)(A) is unconstitutional in all its applications, and Hobbs Act robbery conspiracy does not satisfy the "force" clause of § 924(c)(3)(A). Therefore, this Court should grant a certificate of appealability.

        Very truly yours,
        OFFICE OF THE FEDERAL PUBLIC DEFENDER

By:   /s/
      James P. Egan
      Assistant Federal Public Defender

cc:    Steven D. Clymer, AUSA, by ECF